UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE CASCADES OF IRON RIVER
HOLDINGS, LLC, et al.,

       Plaintiffs,                             Case No. 24-cv-10013

v.

                                                   HON. MARK A. GOLDSMITH

IRON RIVER LAND COMPANY,
LLC, et al.,

       Defendants.

_____/

## ORDER REGARDING JURISDICTION

This matter is presently before the Court on Plaintiff The Cascades of Iron River Holdings, LLC's complaint (Dkt. 1). The complaint states that the Court has subject-matter jurisdiction based on diversity of citizenship. See Compl. ¶ 6. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, federal district courts have jurisdiction over matters in which there is "complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010). In a diversity case, the party asserting jurisdiction—in this case, Plaintiff—bears the burden of establishing it. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010).

Plaintiff states that Defendant Iron River Land Company, LLC is a limited liability company. See Compl. ¶ 4. As explained by the United States Court of Appeals for the Sixth Circuit:

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple

citizenships – the federal court needs to know the citizenship of each "sub-member" as well.

<u>Delay v. Rosenthal Collins Group, LLC</u>, 585 F.3d 1003, 1005 (6th Cir. 2009). Plaintiff does not allege the citizenships of each of the LLC's members and, if applicable, sub-members. Therefore, the Court cannot conclude that it has subject-matter jurisdiction over this action based on diversity of citizenship.

      Plaintiff is ordered to file an amended complaint within 10 days of the date of entry of this order setting forth proper jurisdictional allegations. If Plaintiff believes that the current allegations are sufficient, it must file a memorandum explaining its position within the same 10-day period. Failure to comply with this order will result in the dismissal of this case pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

      SO ORDERED.

Dated: January 17, 2024                s/Mark A. Goldsmith
   Detroit, Michigan               MARK A. GOLDSMITH
                                             United States District Judge