| | |
|---|---|
| **Subject:** | Significant Financial Obligations | Iron River Care Center | Faulty Accounts Receivable & Defective Condition of Purchased Assets |
| **Date:** | Friday, December 31, 2021 at 4:49:10 PM Central Standard Time |
| **From:** | Benjamin Friedman <btf@waterbridgehealthcare.com> |
| **To:** | Rob Possanza <robpossanza906@gmail.com>, Rob-Kelly <robkelly@fast-air.net> |
| **CC:** | Alexander Loftus <alex@loftusandeisenberg.com> |
| **Priority:** | High |
| **Attachments:** | image001.png |

Hi Rob,

It's hard to believe that on this date in 2018 we met for the Closing.

Today I am reaching out to you about some significant financial obligations that require your attention.

As outlined in our Transaction Documents, there were certain known, designated, and unpaid Accounts Receivable with respect to the Facility which related to the period prior to the Closing, that were to remain mine after the Closing. Since that time, it has been discovered that some of those accounts receivable were in fact not collectable due your actions prior to Closing.

The following accounts receivable totaling $37,064.49 should be offset against the Promissory Note because they were uncollectable before the Closing:

1. McCarthy, Daniel (1059) $32,644.44
2. Carlson, Evelyn (1195) $4,420.05

It has been determined that you as the Seller were aware that neither balance could be collected. The ALJ's order clearly stating your role in the matter can be provided if you wish. Additionally, I expended time and energy, as well as incurred unnecessary legal costs in pursuing the matter prior to the ALJ's final decision. It was a big waste of my time and money.

In addition to this, there is the matter of the defective condition of the roof with respect to the Purchased Assets. The roof was not in good working order and condition on the Closing Date. You as the Seller were aware that the roof was not in good working order and condition on the Closing Date,

but this was never disclosed to me prior to the Closing. Numerous individuals have stated that the roof was leaking prior to the Closing. Likewise, the contractors I ultimately was required to hire to replace the entire roof provided me with expert opinion while onsite to assess and estimate the replacement. They confirmed the dilapidated condition of the roof.

The roof cost me $240,000 to replace. I believe I am owed that amount under the terms of our Transaction Documents.

I greatly valued our ability to work positively and efficiently together in finalizing our Transaction Documents and even conducting the Transaction Closing without much the need for lawyers. I hope that we can address these significant matters between ourselves similarly. However, if we cannot come to an agreement maybe we should hand this matter over to our lawyers.

Please indicate your intentions by simply responding to this email with your statement.

Sincerely,

BTF

Benjamin T. Friedman, LNHA
*Founder | Executive Director*



WATERBRIDGE HEALTHCARE LLC | Lincolnwood, Illinois
Direct: 847.881.6025 | Mobile: 773.810.9450 | Fax: 847.897.2034

**Please consider the environment in deciding whether to print this email.**

The information contained in this message is privileged and confidential information intended only for the use of the individual or entity name above. If you are not the intended recipient you are hereby notified that any

dissemination, distribution or copying of this communication is strictly prohibited. If you are not the intended recipient of this message, please delete the message and any attachments from your computer. This transmission does not constitute the rendering of any professional consultation or advice and should not be read as such.